IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HERMAN MUNOZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-093 |
| | ) | |
| STACEY N. STONE, Warden, and | ) | |
| STACY GILES, Health Services Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at McRae Correctional Institution ("MCI") in McRae, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   BACKGROUND**

      **1.   Procedural History.**

As explained in a simultaneously issued Order, when Plaintiff first submitted his complaint alleging deliberate indifference to pain in his wrist, he attached grievance information concerning only an injury to his hip, which resulted in a recommendation for dismissal of the case based on a failure to exhaust administrative remedies regarding his wrist. (See doc. no. 9.) Because the corrected grievance information was submitted as an attachment to Plaintiff's

objections to the recommendation for dismissal, (see doc. no. 11), rather than require Plaintiff to submit an amended complaint with all of the information in one pleading, the Court will consider the information in the newly submitted grievances, in conjunction with the original complaint.

### 2. Factual Allegations in Complaint and Related Grievance Forms.

Plaintiff names the following Defendants: (1) Stacey N. Stone, Warden at MCI, and (2) Stacy Giles, the Health Services Administrator at MCI. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In January of 2006, Plaintiff fell while incarcerated at Allenwood Low Correctional Facility ("Allenwood") in Pennsylvania and hurt his right wrist. (Doc. no. 1, p. 3.) A physician who saw Plaintiff in July of 2006 regarding pain in his wrist prescribed a removable thumb spica splint and told Plaintiff, "[A]t some point he certainly could become a surgical candidate with excision of that bony fragment. We will have him think about that option and arrange for followup to see how he responds to nonoperative measures." (Doc. no. 11, p. 12.)

Approximately seven years later, x-rays were taken of both Plaintiff's wrists on October 28, 2013. (Id. at 10, 11.) The left wrist x-ray was "normal," and the right wrist x-ray showed "a non-displaced prior fracture with degenerative changes present." (Id. at 10.) Defendants refuse to provide surgery to remove the bony fragment from his wrist based on "medical's inadequate evaluation" of the x-ray taken of Plaintiff's wrist on October 28, 2013. (Doc. no. 1, pp. 2-5.) Indeed, a physician who reviewed the 2013 x-ray determined that further intervention for the prior non-displaced fracture was not recommended. (Doc. no. 11, p. 10.) Plaintiff was instructed that he could purchase pain medication from the commissary as necessary. (Id. at 7.) Plaintiff acknowledges that he is complaining about an "old fracture" that "could be" healed, but

2

he maintains it is "like a false heal" because he has persistent pain that is especially noticeable in the winter. (Id. at 8.)

As a result of the injury to his wrist, Plaintiff "continues to endure[] and experiences excruciating pain on said wrist." (Doc. no. 1, p. 3.) The continuing pain in Plaintiff's wrist interferes with his daily activities, such as lifting objects, but rather than provide surgery, Defendants have instead given Plaintiff permanent medical restrictions that, according to Plaintiff, show they know there is a problem, and he has been instructed to take pain medication for his discomfort. (Id. at 4; doc. no. 11, p. 7) Plaintiff does not seek monetary damages, but does seek a declaration from the Court that his rights have been violated and an order compelling Defendants to provide surgery for his wrist. (Doc. no. 1, p. 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations

3

must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need.

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk of harm, (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-67 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Furthermore, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments.").

Here, Plaintiff has not alleged deliberate indifference to a serious medical need. Although Plaintiff does not state the exact date he arrived at MCI, he broke his wrist at least six to seven years prior to his arrival at MCI, and when he complained at MCI about continuing pain in his wrists, they were both x-rayed. He was directed to purchase pain medication at the commissary as needed, and by his own admission received medical allowances for resultant pain from his prior, healed fracture. (Doc. no. 1, p. 4; doc. no. 11, p. 7.) Moreover, the doctor who saw him in 2006 stated only that he <u>could</u> become a candidate for surgery at some time in the future, but Plaintiff's response to nonoperative measures must first be considered. (Doc. no. 11, p. 12.) The doctor who reviewed the x-rays in 2013 saw no need for surgical intervention. (<u>Id.</u> at 10.)

Plaintiff states that he wants surgery so that his "pain [will be] alleviated once and for all," (doc. no. 1, p. 4), but as explained above, the Eighth Amendment does not mandate that the medical care provided to a prisoner "be perfect, the best obtainable, or even very good." <u>Harris</u>, 941 F.2d at 1510. This is a classic case of a mere difference of opinion between a doctor and a prisoner as to the proper course of treatment, and where, as here, an inmate's health complaints have received significant medical attention, the Court should not second guess medical judgments. <u>Wallace v. Sheriff</u>, 518 F. App'x 621, 622-23 (11th Cir. 2013); <u>Smith</u>, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

The Court also notes Plaintiff has sued the Health Services Administrator and Warden who relied on the opinions of a physician in responding to Plaintiff's grievance. Prison officials who are not medical professionals must rely on the decisions of trained professionals regarding

care for inmates, and by relying on information provided by a physician who reviewed the 2013 x-rays, they could not have the requisite subjective intent to violate the Eighth Amendment. Rutledge v. Lift, CV 307-055, 2009 WL 2842739 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.). Indeed, because the physician's determination that no further intervention was needed does not constitute deliberate indifference, the actions of Defendants Stone and Giles in following that medical decision to deny Plaintiff's request for surgery also does not amount to deliberate indifference. See Smith, 375 F. App'x at 910. In sum, Plaintiff merely disagrees with the physician's informed medical opinion as to the course of treatment for lingering pain from a healed, non-displaced fracture, a disagreement which does not support a deliberate indifference claim. See id. As such, Plaintiff fails to state a claim for deliberate indifference to a serious medical need, and his complaint should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA